**RECORD NO. 14-4236**

# In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**JOSE FERNANDO-AZUA,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

———————

**BRIEF OF APPELLANT**

———————

**J. Edward Yeager, Jr.**
**ATTORNEY AT LAW**
**P. O. Box 1656**
**Cornelius, NC 28031**
**(704) 490-1518**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ..................................................................................iii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ............................................................................1

STATEMENT OF ISSUES ...................................................................................1

STATEMENT OF THE CASE..............................................................................1

SUMMARY OF ARGUMENTS ...........................................................................3

ARGUMENT .........................................................................................................4

    1.    THE DISTRICT COURT COMMITTED REVERSIBLE
ERROR BY ALLOWING A TWO-LEVEL SENTENCING
ENHANCEMENT FOR OBSTRUCTION OF JUSTICE
WHEN MR. FERNANDO-AZUA SENT THE COURT A
LETTER ACCEPTING FULL RESPONSIBILITY FOR THE
CRIMES WITH WHICH HE WAS CHARGED. ..................................4

        STANDARD OF REVIEW ....................................................................4

        DISCUSSION OF ISSUE ......................................................................4

    2.    MR. FERNANDO-AZUA IS ENTITLED TO APPEAL
REGARDLESS OF THE APPELLATE WAIVER
PROVISIONS OF THE PLEA AGREEMENT......................................9

        STANDARD OF REVIEW ....................................................................9

        DISCUSSION OF ISSUE ......................................................................9

CONCLUSION ....................................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

PAGE(S):

CASES:

*United States v. Bartram*,
    407 F.3d 307 (4th Cir. 2005) ................................................................................4

*United States v. Blick*,
    408 F.3d 162 (4th Cir. 1994) ................................................................................9

*United States v. Carter*,
    601 F.3d 252 (4th Cir. 2010) ................................................................................4

*United States v. Gonzalez*,
    319 F.3d 291 (7th Cir. 2003) ............................................................................ 7-8

*United States v. Hudson*,
    272 F.3d 260 (4th Cir. 2001) ...........................................................................4, 5

*United States v. Kinter*,
    235 F.3d 192 (4th Cir. 2000) ...........................................................................4, 5

*United States v. Marin*,
    961 F.2d 493 (4th Cir. 1992) ................................................................................9

*United States v. Messino*,
    382 F.3d 704 (7th Cir.2004) ............................................................................7, 8

*United States v. Quinn*,
    359 F.3d 666 (4th Cir.2004) ................................................................................8

*United States v. Thornsbury*,
    670 F.3d 532 (4th Cir.2012) ................................................................................9

STATUTE:

28 U.S.C. § 1291 ................................................................................................ 1

SENTENCING GUIDELINE:

U.S.S.G. § 3C1.1 ............................................................................................ 5, 6

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal is from a sentence imposed on January 27, 2014 against the defendant-appellant, Jose Fernando-Azua. (JA 64-69) Mr. Fernando-Azua filed a timely notice of appeal after imposition of sentence but before the written judgment was filed leading to his notice of appeal being treated as if filed on March 20, 2014. (JA 63) This court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE GOVERNMENT'S OBJECTIONS TO THE PRE-SENTENCE REPORT.

2. WHETHER MR. FERNANDO-AZUA SHOULD BE ENTITLED TO APPEAL THE SENTENCE IMPOSED IN THIS MATTER.

## STATEMENT OF THE CASE

On October 31, 2011, law enforcement investigators conducted surveillance at Mr. Fernando-Azua's residence in Charlotte, North Carolina. (JA 86) This surveillance continued through the evening including observing Mr. Fernando-Azua and his co-defendants leaving the home. At one point, agents observed Mr. Ferndando-Azua throw a white plastic bag into a trash can. Officers retrieved the bag which contained cocaine wrappers and a white powdery substance which field tested positive for cocaine. Agents initiated a traffic stop and Mr. Fernando-Azua was arrested along with his father. A subsequent search revealed drug packaging

1

materials and four pounds of marijuana in the residence and nine kilograms of cocaine concealed in panels of a vehicle.

Mr. Fernando-Azua was arrested on November 7, 2011. (JA 87) The Grand Jury for the Western District of North Carolina charged Mr. Fernando-Azua as one of five defendants in a two-count Superseding Bill of Indictment on April 17, 2012. (JA 9-10) On July 6, 2012, Mr. Fernando-Azua appeared before Judge Keesler and entered a plea of guilty to Count 1 (JA 18-34) pursuant to a written plea agreement. (JA 11-17)

The case came on for a sentencing hearing before the Honorable Judge Frank Whitney on January 27, 2014. (JA 38-62) During that hearing, the district court overruled the defense objection to the presentence investigation report. (JA 51) The court agreed that the report properly included a two-level enhancement for obstruction of justice as a consequence of Mr. Fernando-Azua's sending a letter to Judge Whitney accepting responsibility for the charges against him and asserting his father's innocence to the charges. After applying this enhancement Judge Whitney used a sentencing range of 151 to 188 months. (JA 51)

The court agreed with the parties that a sentence at the low end of the sentencing range was appropriate and imposed a sentence of 151 months. (JA 57) The government then moved to dismiss Count 2 of the superseding indictment. (JA 60) That motion was granted and the court subsequently entered judgment on

2

March 20, 2014. (JA 64-69) Mr. Fernando-Azua signed a written notice of appeal on January 28, 2014 which was filed on January 31, 2014. (JA 63)

## SUMMARY OF ARGUMENTS

The district court committed reversible error by overruling Mr. Fernando-Azua's objection to the presentence report and the district court's resulting determination of the applicable sentencing guidelines. The letter that Mr. Fernando-Azua wrote to the district court did not meet the definition of obstruction of justice found in the sentencing guidelines because Mr. Fernando-Azua accepted responsibility for his own actions.

The appellate waiver provision of the plea agreement should not serve to prevent Mr. Fernando-Azua from proceeding with this appeal because he clearly took issue with the district court's determination of the applicable sentencing guideline. Therefore, the waiver he executed of his right to appeal should not prevent a review on the merits of an unforeseeable issue which arose during sentencing.

# ARGUMENT

1. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY ALLOWING A TWO-LEVEL SENTENCING ENHANCEMENT FOR OBSTRUCTION OF JUSTICE WHEN MR. FERNANDO-AZUA SENT THE COURT A LETTER ACCEPTING FULL RESPONSIBILITY FOR THE CRIMES WITH WHICH HE WAS CHARGED.

## STANDARD OF REVIEW

The standard of review in reviewing the district court's entry of a sentence is twofold. The district court's factual findings are reviewed for clear error but review is *de novo* with respect to legal interpretations of the Sentencing Guidelines. *United States v. Hudson*, 272 F.3d 260 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000). The Court reviews sentencing decisions for unreasonableness. *United States v. Bartram*, 407 F.3d 307 (4th Cir. 2005). *See also*, *United States v. Carter*, 601 F.3d 252 (4th Cir. 2010)

## DISCUSSION OF ISSUE

The superseding indictment charged Mr. Fernando-Azua with two counts of conspiracy to possess with intent to distribute cocaine. (JA 9-10) More than two months *after* Mr. Fernando-Azua entered the guilty plea he sent a letter to Judge Whitney. In that letter Mr. Fernando-Azua admitted that he was guilty. (JA 74-80) He went into great detail in describing his participation with other codefendants in arranging a purchase of cocaine. Nothing he stated in that letter in any way diminished his acceptance of responsibility. He was also quite clear that

4

one codefendant - his father, Jose Morena-Azua - was not involved in the conspiracy and had only assisted his son, Mr. Fernando-Azua, with the rental of a car that Mr. Fernando-Azua used to pick up a coconspirator from the airport.

The district court agreed with the government's argument that this letter constituted obstruction of justice. The court said that "I've never had a letter saying, I'm guilty of the crime. My father's not guilty of the crime." (JA 50) The court went on to state that it "does seem to me he was trying to take the heat off his father, knowing -- likely knowing that his father was facing a very severe sentence, and his criminal record wasn't severe as his father and he could take the pressure off of his father." (JA 50) The court then overruled the objection but made no other findings of fact. (JA 51) Because the district court's decision was based on the court's interpretation of the sentencing guidelines it is appropriate for this court to conduct *do novo* review of this decision. *United States v. Hudson*, 272 F.3d 260 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192 (4th Cir.2000).

The district court committed error in overruling the objection and allowing the two-level enhancement for obstruction of justice. Mr. Fernando-Azua's conduct did not meet the definition of obstruction in U.S.S.G. § 3C1.1 which states that:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's

5

> offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

2012 Guidelines Manual, U.S.S.G. § 3C1.1.

This guideline clearly associates the conduct of a defendant with the offense he is accused of – "with respect to the ... sentencing of the **instant offense** of conviction." (Emphasis added) Mr. Fernando-Azua's sending of the letter did not obstruct or impede the administration of justice with respect to the charge against him. Instead, Mr. Fernando-Azua accepted full responsibility for the charge against him.

Of course, guideline 3C1.1 also requires that the conduct be related to "the defendant's offense of conviction ... or a closely related offense." Again, the conduct which the government alleged to be "obstructive conduct" was not related at all to Mr. Fernando-Azua's conviction or any related charges against him. Although application note 1 provides that the related conduct may be that of a co-defendant the use of the word "and" requires that the first clause - that the defendant willfully impeded or obstructed the administration of justice - also has to be present.

That obstructive conduct was not present because Mr. Fernando-Azua took full responsibility for his actions while saying that his father was not guilty. More significantly, the statement was in a letter to the Judge and not in false testimony to the finder of fact, the jury. The government's "position" was that Mr. Fernando-

6

Azua was trying "to influence the justice system, influence the court, that he logically would assume that this information would get back to the government, and it was an effort to influence the government, as well, not to prosecute his father…" (JA 47-48) The district court's response during the government's argument – not as a finding of fact – was that "it does seem to me that the defendant might – this defendant, Mr. Fernando-Azua, might be willing to take the fall for his father because his father was facing mandatory life in prison." (JA 48) The government's response was, "Precisely…it is fair to infer that this defendant was well aware of his father's predicament…this was clearly and effort to influence the justice system." (JA 48)

Despite the government's inferences and suppositions, however, the government failed to prove how a letter to the Judge admitting full responsibility for the crime constituted an attempt to obstruct justice in Mr. Fernando-Azua's father's case. At the point the letter was written Mr. Fernando-Azua had entered a guilty plea and the case was proceeding apace against his father. The district court was not the finder of fact in that matter. It was to be presented to a jury. In short, this was simply not obstructive conduct.

With respect to the idea of "closely related" offenses, courts "have construed 'closely related' offenses to include a co-defendant's trial." *United States v. Messino*, 382 F.3d 704, 708 (7th Cir.2004), *quoting*, *United States v. Gonzalez*,

7

319 F.3d 291, 299 (7th Cir. 2003). In *Messino* the court found that the defendant committed perjury in a co-defendant's trial. The court also denied *Messino* the benefit of an acceptance of responsibility adjustment. Neither of those circumstances was present in this case.

There appear to be no reported decisions directly on point with the facts of this case. In other decisions the defendant has, in each case, engaged in more egregious conduct such as the perjury in *Messino* or in *United States v. Quinn*, 359 F.3d 666 (4th Cir.2004). The district court in this case did not find that Mr. Fernando-Azua committed perjury. In fact, Mr. Fernando-Azua never testified in his father's case. The actions of Mr. Fernando-Azua fell far short of those required to sustain an obstruction of justice enhancement.

Without the enhancement for obstruction of justice, the district court would have used an advisory guideline range of 121 to 151 months. Given the arguments presented during sentencing, including the government's acknowledgment that a sentence at the low end of the guideline range was appropriate, as well as the district court's imposition of a sentence at the absolute bottom of the advisory range, it is clear that Mr. Fernando-Azua was prejudiced by the district court using a guideline range which was significantly higher. Had the court used the original advisory range - without the obstruction enhancement - a sentence at the low end

8

of the range would have been 121 months, some two and half years lower than the sentence the court imposed on Mr. Fernando-Azua.

2.  MR. FERNANDO-AZUA IS ENTITLED TO APPEAL REGARDLESS OF THE APPELLATE WAIVER PROVISIONS OF THE PLEA AGREEMENT.

STANDARD OF REVIEW

The validity of an appellate waiver is reviewed *de novo*. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

DISCUSSION OF ISSUE

Mr. Fernando-Azua's plea agreement contained a provision in which he waived his statutory right to appeal his conviction and sentence except under certain limited conditions. (JA 14) This Court has stated that it generally "will enforce [a] waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 1994). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir.2012), *citing*, *Blick*, *supra*. This Court, however, has also stated that "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *Marin*, 961 F.2d at 496.

9

In this matter, Mr. Fernando-Azua had no reason to believe that his sentencing would involve arguments over an enhancement for obstruction of justice for actions which were not even in his own case. He entered into a plea agreement to take advantage of the reduction for acceptance of responsibility. Mr. Fernando-Azua never wavered from that acceptance or tried to take it back. Mr. Fernando-Azua did not waive his right to appeal this issue because it was not foreseeable. Therefore, it was impossible for Mr. Fernando-Azua to make a knowing and intelligent waiver of the right to contest an issue which was not expected and not supported by case law. As such, he should be given the opportunity for meaningful appellate review of the merits of the district court's actions.

## CONCLUSION

The district court committed reversible error in enhancing Mr. Fernando-Azua's sentence for obstruction of justice because he never attempted to get out of the admission of responsibility he made. Mr. Fernando-Azua respectfully requests that this court vacate the judgment and remand the matter for further proceedings.

                                        RESPECTFULLY SUBMITTED
                                        JOSE FERNANDO-AZUA

                                        <u>/s/ J. Edward Yeager</u>
                                        J. Edward Yeager, Jr.
                                        Attorney at Law
                                        P. O. Box 1656
                                        Cornelius, NC 28031
                                        (704) 490-1518
                                        yeager@ncappeals.net

                                        Counsel for Appellant

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 2,184 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ J. Edward Yeager, Jr.
/s/ J. Edward Yeager, Jr.

*Counsel for Appellant*

Dated: July 1, 2014

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 1, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE
      U.S. ATTORNEY
    United States Courthouse
    100 Otis Street, Room 233
    Asheville, NC 28801
    (828) 271-4661

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                          /s/ Tracy Moore Stuckey
                                          Tracy Moore Stuckey
                                          GIBSON MOORE APPELLATE SERVICES, LLC
                                          421 East Franklin Street, Suite 230
                                          Richmond, VA  23219